### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BRANDON W.,

                     Claimant,

        v.

FRANK J. BISIGNANO,
Commissioner of Social Security,

                   Respondent.

No. 23 C 4373

Magistrate Judge Jeffrey T. Gilbert

### MEMORANDUM OPINION AND ORDER

Brandon W.[1] ("Claimant") seeks judicial review of the final decision of the Commissioner of Social Security[2] ("Commissioner"), denying his application for a period of disability and disability insurance benefits. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 7]. Claimant filed a Memorandum in Support of Motion for Summary Judgment [ECF No. 12], seeking remand to the Social Security Administration for further consideration. In response, the Commissioner filed a Motion for Summary Judgment [ECF No. 19] with a Memorandum of Law in Support of Motion for Summary Judgment [ECF No. 20], seeking to affirm the Commissioner's decision. Claimant then filed a Reply Brief in

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by her first name and the first initial of her last name.

[2] Frank J. Bisignano was confirmed as the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

Support of Motion for Summary Judgment [ECF No. 21]. After reviewing the record and the parties' briefs, Claimant's Motion [ECF No. 12] is granted, and the Commissioner's Motion [ECF No. 19] is denied. This case is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

## BACKGROUND

### I. Procedural History

On March 9, 2021, Claimant filed a Title II application for a period of disability and disability insurance benefits, alleging a disability beginning January 14, 2020. The application was denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on January 12, 2023. Claimant appeared and testified at the hearing and was represented by counsel. A vocational expert also appeared and testified during the hearing. On February 1, 2023, the ALJ issued his decision, denying Claimant's application for disability insurance benefits and finding he was not disabled under the Social Security Act. *See generally* (R.15-24).

Claimant asked the Appeals Council to review the ALJ's decision, but the Appeals Council declined to review it, leaving the ALJ's decision as the final decision of the Commissioner. (R.1-6). Claimant then filed this lawsuit seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## II.   The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had engaged in substantial gainful activity from March 2022 to September 2022, but also there had been a continuous 12-month period during which Claimant

had not engaged in substantial gainful activity, and the ALJ's findings addressed the period of time Claimant was not working. (R.17). At step two, the ALJ found Claimant had the following severe impairments: mild degenerative disc disease of the cervical spine and mild osteoarthritis of the bilateral hips with possible impingement of the left hip. (R.17). The ALJ also found that Claimant had the following non-severe impairments: tinnitus; obstructive sleep apnea; Raynaud Phenomenon; left ankle tenosynovitis and small cyst in the left ankle; headaches; chronic rash in both arms; Tinea Versicolor; left shoulder pain; anxiety; and post-traumatic stress syndrome ("PTSD"). (R.18). With respect to Claimant's mental functioning, the ALJ considered the four broad functional areas of mental functioning known as the "paragraph B" criteria and determined that Claimant had mild limitations in all four areas, including: (1) understanding, remembering or applying information; (2) interacting with others, (3) concentrating, persisting or maintaining pace; and (4) adapting and managing himself. (R.18-19). At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or equaled the severity of any listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. (R.19). Before step four, the ALJ concluded:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant needs to be able to alternate between sitting and standing every 30 minutes while remaining at the work station and on task; he cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; can occasionally perform overhead reaching bilaterally; he cannot work around hazards such as unprotected heights and exposed moving mechanical parts; he cannot tolerate more than occasional, concentrated exposure to extreme cold or extreme heat, humidity, fumes, noxious odors, dusts, mists, gases, and poor

4

ventilation; and he needs to work in no louder than a moderate noise environment.

(R.19-20). At step four, the ALJ found that Claimant was not able to perform any past relevant work. (R.22). And at step five, based on Claimant's age, education, work experience and RFC, the ALJ found there are other jobs that exist in significant numbers in the national economy that Claimant can perform. (R.22-24). Based on these findings, the ALJ determined Claimant was not disabled under the Social Security Act. (R.689).

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision, therefore, is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard in reaching his decision. *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

5

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we require is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990); *see also Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of that conflict.") (internal quotations and citation omitted). The court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported") (internal quotations and citation omitted).

6

## ANALYSIS

Claimant argues the ALJ's decision cannot stand because: (1) the ALJ failed to consider the combined effects of his impairments when determining his RFC; (2) the ALJ improperly discounted the Disability Benefits Questionnaire completed by the Veterans Administration; and (3) the ALJ erroneously concluded Claimant's mental impairment is non-severe. Claimant's Brief [ECF No. 12], at 11-15. In response, the Commissioner contends that Claimant's arguments are vague, underdeveloped, and often lack citation to the record. The Commissioner also argues Claimant does not identify the limitations the ALJ should have found but were unreasonably omitted from the ALJ's RFC assessment. Commissioner's Memorandum [ECF No. 20], at 3-10. In the Court's view, neither Claimant's nor the Commissioner's arguments are particularly helpful or persuasive. They are sufficient, however, for the Court to rule on the parties' motions. After reading the ALJ's decision and reviewing the record and for the reasons discussed below, the Court finds that this case must be remanded to the Social Security Administration for further proceedings because the ALJ did not build the requisite logical bridge from the record evidence to his conclusion and did not provide a sufficient explanation for his conclusions that enables this Court to review whether the he considered the totality of Claimant's limitations.

### A. The RFC Is Not Supported by Substantial Evidence

The RFC is the "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an

equivalent work schedule." SSR 96-8p, 1996 WL 74184, at *1 (July 2, 1996); *Mandrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022); *Jeske v. Saul,* 955 F.3d 583, 593 (7th Cir. 2020). The RFC is a determination of the maximum work-related activities a claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004). Social Security regulations require that the RFC assessment must incorporate all of a claimant's limitations that are supported by the medical record. *Id.* at 1001; *see also* 20 C.F.R § 404.1545(a)(1). When assessing the RFC, the ALJ must point to specific evidence and explain how it led to his conclusions. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); SSR 96-8p. The ALJ's explanation "must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations" (*Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)), and he must build a logical bridge from the evidence to his conclusions. *See Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

In this case, the ALJ summarized in less than two pages some of Claimant's treatment records, briefly noted the conclusions of medical consultants, and then without any further discussion, evaluation or citation to the record, stated:

> In sum, the weight of the evidence as a whole, including the treatment record and opinion evidence consistent with the evidence as a whole supports the residual functional capacity assessment. The claimant's statements concerning the intensity, persistence and limiting effects of his symptoms are not fully consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(R.21-22). These two conclusory sentences do not provide any explanation as to *how and why* the RFC is supported by the weight of the evidence, and the Court does not know what "other reasons" the ALJ is referencing. The law is clear that a general

8

discussion or summary of the medical record does not satisfy an ALJ's obligation to explain how the record evidence supported his RFC determination. *See* SSR 96-8p (requiring that the "RFC assessment must include a narrative discussion describing how the evidence supports the conclusion"); *see also Samuel v. Barnhart*, 316 F. Supp. 2d 768, 772 (E.D. Wis. Apr. 29, 2004) ("By failing to include in his narrative discussion a description of how the medical evidence supported his findings, the ALJ committed a clear error of law."); *see also Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (remanding the case after the ALJ failed to explain how she reached her conclusions about the claimant's physical capabilities in assessing her RFC).

As quoted above, the ALJ found that Claimant could perform light work with additional restrictions, including that he "needs to be able to alternate between sitting and standing every 30 minutes while remaining at the work station and on task; he cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; can occasionally perform overhead reaching bilaterally; he cannot work around hazards such as unprotected heights and exposed moving mechanical parts; he cannot tolerate more than occasional, concentrated exposure to extreme cold or extreme heat, humidity, fumes, noxious odors, dusts, mists, gases, and poor ventilation; and he needs to work in no louder than a moderate noise environment." (R.19-20). The ALJ, however, did not provide *any* explanation why he included those restrictions, which impairments those restrictions accommodate, and what specific evidence he relied on to support his findings.

Although an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, he must discuss some of the evidence and build a logical bridge from that evidence and explain how it supports his conclusion. *See Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). The ALJ failed to provide that discussion and explanation in this case, and the Court cannot assume or speculate what the ALJ was thinking to support his RFC determination with restrictions he included. The Court is left with two critical and dispositive questions: (1) how does the clinical evidence support the ALJ's RFC assessment; and (2) how did the ALJ account for Claimant's subjective complaints in that RFC assessment? Nowhere in his opinion does the ALJ answer these questions. The Court would need to speculate to answer those questions, and that is something a court cannot do in reviewing an ALJ's decision, and the Court is left with nothing to review in order to confirm that the ALJ's RFC assessment is supported by substantial evidence.

For these reasons, the Court finds that the ALJ erred by not providing a narrative discussion of how the record evidence supported his determination that Claimant is limited to performing a restricted range of light work activities, and remand is required.

## B. The ALJ's Subjective Symptom Analysis Is Flawed

It is well-settled that an ALJ cannot cherry pick which evidence to evaluate and disregard other critical and relevant evidence. *Scrogham v. Colvin,* 765 F.3d 685, 696-99 (7th Cir. 2014). Although the ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, as discussed above, he

10

must build a logical bridge from the record evidence to his conclusion. *See Minnick*, 775 F.3d at 935. Mere boilerplate statements or conclusions cannot support an ALJ's decision, and an ALJ must set forth "specific reasons" for discounting subjective reports of symptoms. *Myles v. Astrue*, 582 F.3d 672, 676 (7th Cir. 2009) (citing *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009)); *Steele v. Barnhart,* 290 F.3d 936, 941-42 (7th Cir. 2002).

In his decision, the ALJ acknowledged that Claimant testified he was unable to work because he needed to take additional work breaks to accommodate pain in his back, knees, and hip. (R. 20). The ALJ further explained that Claimant estimated that he could stand only for only fifteen minutes, could walk for only five or ten minutes, and that he could sit for only about ten minutes. (R.20). Following a brief summary of Claimant's testimony, the ALJ then included the following often-criticized conclusory statement:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(R.20-21). This conclusory statement may be acceptable when an ALJ, in fact, actually provides specific reasons that explain how he reached that conclusion. In this case, however, there are no reasons provided; there is no roadmap for this Court to follow and understand why the ALJ did not credit Claimant's testimony. It is relevant to the Court to know what, if any, weight the ALJ gave to Claimant's testimony and the reasons why the ALJ has concluded that the medical evidence is

11

consistent with his determination that Claimant is capable performing light work despite his impairments and his pain. It is troubling that the record is silent in that regard.

The ALJ did not discuss how the record evidence undermined Claimant's credibility nor did the ALJ provide any explanation why he accepted some of Claimant's complaints and provided accommodations in the RFC but did not believe others and how record evidence supports his assessment. The ALJ's RFC analysis also did not mention how he evaluated and/or accommodated Claimant's alleged pain; nor did the ALJ explain how Claimant's complaints of pain and his alleged need for breaks were inconsistent with the record.

Without a more fulsome explanation, it is impossible for this Court to conclude that the ALJ built an accurate and logical bridge from the evidence to his conclusions. *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002). Again, the Court cannot assume or speculate what the ALJ was thinking. The ALJ must provide a sufficient explanation as to what evidence he considered, how he weighed that evidence and why he made the findings he made. A minimal inventory of the evidence in the record with unsupported conclusions, which is what the ALJ provided in this case, is not a substitute for an explanation of how that evidence figured in the ALJ's final decision.

In the Court's view, the ALJ did not provide sufficient explanation of what evidence supports the RFC finding and why he included certain limitations in his RFC determination and why other restrictions were not, particularly in light of Claimant's hearing testimony.

12

### C. The Court Does Not Know If the ALJ Considered the Combination of Claimant's Impairments

When determining an individual's RFC, "the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir.2003). Here, the ALJ concluded:

> Claimant's does not have an impairment or combination of impairments that meets or medical equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(R.19). And then, the ALJ explained:

> The record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation meeting the criteria of any listed impairment and no acceptable medical source designated to make equivalency findings has concluded that the claimant's impairment(s) medically equal a listed impairment. The Disability Determination Services reviewing physicians' determination that the claimant's impairments did not meet listing level severity are consistent with the evidence as a whole.

(R.19). The ALJ's explanation provides no clarity on what listings, if any, he considered and whether or not he considered the combination of Claimant's severe impairment with all of his non-severe impairments. On remand, the ALJ should provide a more fulsome explanation.

The Court is mindful of the deference that is owed to an ALJ's decision under the substantial evidence standard and that a reviewing court should not substitute its judgment for that of the ALJ's by reweighing the evidence. Although this standard is generous, it is not entirely uncritical. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir.

14

2000). In this case, the ALJ did not provide any reasons for the conclusions he made when evaluating the record in this case. This is not an instance in which the Court is reweighing the evidence. Rather, the ALJ did not explain his decisional process sufficiently for the Court to be able to conclude that his ultimate decision is supported by substantial evidence under the controlling standard of review.

Finally, the Court expresses no opinion on the decision to be made on remand and encourages the ALJ to do what is necessary to build a logical bridge between the evidence in the record and his ultimate conclusions. *See, e.g., Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) ("On remand, the ALJ should consider all of the evidence in the record, and, if necessary, give the parties the opportunity to expand the record so that he may build a 'logical bridge' between the evidence and his conclusions"); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Luna v. Shalala*, 22 F.3d 687, 693 (7th Cir. 1994). The Court, however, cautions Clamant not to read more into this decision than it intends, and the Court recognizes the ALJ may be able to provide a more than adequate explanation to support his RFC determination and why he concluded Claimant is not as disabled as he claims to be. On the present record, that explanation is lacking, and the Court cannot perform its appellate review function consistent with controlling law, and that is why the case is being remanded to the Commissioner.

## CONCLUSION

Accordingly, for all of the reasons set forth above, Claimant's Memorandum in Support of Motion for Summary Judgment [ECF No. 12] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 19] is denied. This matter

is remanded to the Social Security Administration for further proceedings consistent

with this Memorandum Opinion and Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 18, 2025

16